UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS ANNUITY FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, by FRANK SPENCER and PAUL O'BRIEN, as
CO-CHAIRMEN OF THE BOARD OF TRUSTEES, THE
NEW YORK CITY AND VICINITY CARPENTERS LABOR-
MANAGEMENT CORPORATION, AND PETER
THOMASSEN AS ASSISTANT SUPERVISOR OF THE
DISTRICT COUNCIL FOR NEW YORK CITY AND
VICINITY, UNITED BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA,

**10 CIV 1010**

10 CV _____

**COMPLAINT**

Plaintiffs,

-against-

WOODS RESTORATION SERVICES, INC.,

Defendant.

--------------------------------------------------------------------------X

Plaintiffs, by their attorneys O'Dwyer & Bernstien, LLP, for their Complaint allege as

follows:

## NATURE OF THE CASE

1.      This is an action to confirm and enforce an Arbitrator's Award rendered pursuant

to a collective bargaining agreement ("Agreement") between The District Council of New York

City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and

Woods Restoration Services, Inc. ("Employer").

## JURISDICTION

2.     This Court has jurisdiction over this proceeding pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3.     Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## VENUE

4.     Venue is proper in this district in that Plaintiffs' offices are located in this district.

## PARTIES

5.     At all times relevant herein all Plaintiffs were either jointly administered, multi-employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), a not for profit corporation, or a labor organization within the meaning of the National Labor Relations Act ("NLRA") 29 U.S.C. 152.  At all times relevant herein, Spencer and O'Brien were fiduciaries of the Benefit Funds within the meaning of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6.     The Benefit Funds are employee benefit plans within the meaning of sections 3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing health, medical and related welfare benefits, pension and other benefits to eligible participants and beneficiaries on whose behalf they receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the Union.

7.     The Union is a labor organization within the meaning of the NLRA Section 2, 29

U.S.C. § 152 and is the certified bargaining representative for certain employees of the Defendant.

8.      Plaintiff New York City and Vicinity Carpenters Labor-Management Corporation is a New York not for profit corporation.

9.      Upon information and belief Defendant is a foreign corporation incorporated under laws of the State of Connecticut with a principal place of business located at 398 Stamm Road, Newington, Connecticut 06111.

10.     Defendant is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

11.     Defendant was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 2001. Said Agreement provides, inter alia, that Defendant shall furnish its books and payroll records when requested by the Benefit Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions and for the submission of disputes to final, binding arbitration.

12.     A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with the Benefit Funds' demands to furnish its books and records for the purpose of conducting an audit.

13.     Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial Arbitrator.

14.     Thereafter, upon due notice to all parties, the Arbitrator duly held a hearing and rendered his Award, in writing, dated October 17, 2009, determining said dispute. Upon information and belief, a copy of the Award was delivered to Defendant (A copy of the Award is

annexed hereto as Exhibit "A" and made part hereof).

15.     The Arbitrator found that Defendant had failed to comply with the Agreement as it relates to paying fringe benefit monies and directed it to furnish the Plaintiffs with any and all books and records, for the period of December 9, 2006 through September 2, 2009, including but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls.

16.     The Arbitrator also found that Defendant was required to pay the funds a sum of $2,350.00 pursuant to the Agreement, representing costs incurred in the Arbitration, with interest to accrue at the rate of 5.25% from the date of the Award.

17.     Defendant has failed to abide by the Award.

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

1.     For an order confirming the Arbitration Award in all respects;

2.     For entry of judgment in favor of the Plaintiffs ordering Defendant and its officers to make available to the Plaintiffs or authorized representatives any and all books and records deemed necessary to conduct an audit including, but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the period December 9, 2006 through September 2, 2009;

3.     For entry of judgment in favor of the Benefit Funds and against Woods Restoration Services, Inc. ordering Defendant to pay the Benefit Funds a total sum of $2,350.00 with interest to accrue at the rate of 5.25% from the date of the award, pursuant to the Arbitrator's Award;

4.     For attorneys' fees and costs of this action;

5.      For such other and further relief as this court may deem just and proper.

Dated:  New York, New York
        February 8, 2010

ANDREW GRABOIS
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

# EXHIBIT A

OFFICE OF THE IMPARTIAL ARBITRATOR
---------------------------------------------X
In The Matter Of The Arbitration

      between

New York City District Council of Carpenters
Pension Fund, New York City District Council
of Carpenters Welfare Fund, New York City
District Council of Carpenters Annuity Fund,
New York City District Council of Carpenters
Apprenticeship, Journeyman Retraining,
Educational and Industry Fund, New York City
District Council of Carpenters Charity Fund,
by Peter Thomassen and Paul O'Brien, as Co-
Chairmen of the Board of Trustees, the New
York City and Vicinity Carpenters Labor-
Management Corporation

      and

Peter Thomassen, as Assistant Supervisor of
the District Council For New York City and
Vicinity, United Brotherhood of Carpenters
and Joiners of America
                   (Petitioners)
       -and-

WOODS RESTORATION SERVICES INC.
                (Employer)
---------------------------------------------X
BEFORE:  Robert Herzog, Esq.

**DEFAULT**

**AWARD**

    WOODS RESTORATION SERVICES INC. (hereinafter referred to as the

"Employer") and the District Council of New York City and Vicinity

of the United Brotherhood of Carpenters and Joiners of America, are

parties to a Collective Bargaining Agreement, executed on May 23,

2005, and an Interim Compliance Agreement, effective July 1, 2006.[1] The Agreements provide for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator, and in which the Employer has therein agreed, for the duration of the Agreements and renewals, to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds"). The Petitioners, as beneficiaries of the Agreements, have standing before the Arbitrator. In accordance therewith, the Petitioners, by a September 9, 2009 Notice of Intention to Arbitrate, demanded arbitration. The Petitioners alleged the Employer failed to permit the Funds to conduct an audit of its books and records for the period of December 9, 2006 through September 2, 2009 to determine whether it is in compliance with its obligation to contribute to the Funds.

A Notice of Hearing dated September 21, 2009 advised the Employer and the Petitioners that an arbitration hearing was scheduled for October 15, 2009. The Notice of Hearing was sent to the Employer by regular and certified mail. A United States Postal Service document evidences delivery of the Notice of Hearing to the Employer on September 28, 2009.

---

[1] The Collective Bargaining Agreement, executed on May 23, 2005, and an Interim Compliance Agreement, effective July 1, 2006, together are hereinafter referred to as the "Agreements."

2

On October 15, 2009, at the place and time designated by the aforesaid Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Petitioners.  Despite the Employer having been sent notice of the proceedings and the claim against it, no appearances on its behalf was made.  Also, no written, mutually agreed upon waiver by the parties to adjourn the proceedings, as required by the Agreements, was presented.  The arbitration proceeded as a Default Hearing on October 15, 2009.  Full opportunity was afforded the parties present to be heard, to offer evidence, and to examine witnesses.  The Petitioners thereupon presented their proofs to the Arbitrator.

The uncontroverted testimony and evidence established that:

- During the December 9, 2006 to September 2, 2009 period, the Employer was bound to Agreements and renewals with the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.

- The Agreements and renewals obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreements.

- The Agreements and renewals authorized the Funds to conduct an audit of the Employer's books and records in order to verify that

all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.

- In accordance with this auditing provision, an accountant, employed by the Funds, sought to conduct an audit of the Employer's books and records.  In violation of this auditing provision, the Employer did not consent to an audit of the Employer's books and records.

## **AWARD**

Based upon the substantial and credible evidence of the case as a whole:

1. WOODS RESTORATION SERVICES INC. is in violation of the terms of the Collective Bargaining Agreement, executed on May 23, 2005, and an Interim Compliance Agreement, effective July 1, 2006;

2. WOODS RESTORATION SERVICES INC. is ordered to permit and facilitate the Funds conducting an audit of its books and records for the period of December 9, 2006 through September 2, 2009 to determine whether it is in compliance with its obligations to contribute to the Funds;

3. WOODS RESTORATION SERVICES INC. shall pay to the Funds forthwith the Petitioners' counsel's fees, the undersigned

Arbitrator's fee, and all associated court costs in the

following amounts:

| | |
|---|---|
| Court Costs | $  350.00 |
| Attorney's Fee | 1,500.00 |
| Arbitrator's Fee | 500.00 |
| TOTAL | $2,350.00 |

4. WOODS RESTORATION SERVICES INC. shall pay to the District

Council Carpenters Benefit Funds the aggregate amount of two

thousand three hundred fifty dollars ($2,350.00) with interest

to accrue at the rate of five and one-quarter percent (5.25%)

from the date of this Award.

Robert Herzog
Arbitrator

Dated: October 17, 2009

State of New York  )
County of Rockland )

   I, Robert Herzog, do hereby affirm upon my oath as Arbitrator
that I am the individual described in and who executed this
instrument, which is my Award.

Robert Herzog
Arbitrator

Dated: October 17, 2009

To:  WOODS RESTORATION SERVICES INC.
     Attn: Mr. Philip Woods, President
     398 Stamm Road
     Newington, CT 06111

     Mr. Dan Ryan
     New York City District Council Carpenters Benefit Funds
     395 Hudson Street
     New York, New York 10014